UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONNA L. CRAWFORD-GONZALEZ**                                                **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:15-CV-889-GNS**

**U-HAUL STORAGE**                                                   **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Donna L. Crawford-Gonzalez, filed a *pro se*, *in forma pauperis* complaint (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff filed the complaint on a general complaint form naming one Defendant, U-Haul Storage located in Louisville, Kentucky.[1] The complaint is not a model of clarity or legibility. However, it appears that Plaintiff is alleging that she put some furniture in storage and that the items were auctioned off. As relief, Plaintiff wants her furniture, and she seeks compensation for pain and suffering.

---

[1] Plaintiff lists U-Haul of Louisville, Kentucky, as the Defendant in the caption of her complaint. In the portion of the complaint asking for the address of the Defendant, Plaintiff lists the address of U-Haul as Clarksville, Indiana. Plaintiff also indicates that "Robert," the owner of the U-Haul at "two locations" is a Defendant in this action. When Plaintiff initiated this action, she filed not only the present complaint but a second complaint. The Court entered an Order (DN 5) directing Plaintiff to notify the Court as to whether she intended to file one or two complaints and for Plaintiff to clarify who she was naming as Defendants in this action(s). In her response (DN 6) to the Court's Order, Plaintiff indicated that she intended to file two separate actions. U-Haul of Clarksville, Indiana, is the named Defendant in the caption of the second complaint. Plaintiff failed to indicate she intended to name Robert as a Defendant, failed to provide any other information about Robert, and failed to provide a summons for Robert. Thus, the Court construes the present action to only be against U-Haul in Louisville, Kentucky.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff has failed to meet her burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiff does not allege any amount in controversy. Further, according to the complaint, Plaintiff is a citizen of Kentucky, and Defendant is a business located in Kentucky. Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff is alleging Defendant mishandled some of her personal property. As grounds for filing this action, Plaintiff states, "Acting prejudice, U.S. Code of Justice." She fails to state any specific constitutional or statutory provision that would provide a basis for this Court's jurisdiction. Nor is the Court aware of any authority under which Plaintiff may invoke the jurisdiction of this Court to remedy the wrong about which she complains. Thus, this Court does not have federal-question jurisdiction over this complaint.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff having failed to establish this Court's jurisdiction, the instant action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date: March 17, 2016

                                               **Greg N. Stivers, Judge**
                                               **United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.003